IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BEST PROCESS SOLUTIONS, INC.,** | Case No. 1:21-cv-00662 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **BLUE PHOENIX INASHCO USA, INC.,** | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Before the Court is Plaintiff Best Process Solutions, Inc.'s ("BPS") Motion to Strike and Exclude Expert Report and Testimony of Jerome Downey ("Downey") filed on August 25, 2023. (Doc. No. 88.)  On September 8, 2023, Defendant Blue Phoenix Inashco USA, Inc. ("Inashco") filed an Opposition.  (Doc. No. 95.)  On September 15, 2023, BPS filed a Reply.  (Doc. Nos. 98, 99.)

For the following reasons, the Court GRANTS IN PART and DENIES IN PART BPS's Motion to Strike and Exclude.

**I. Background**

On March 24, 2021, BPS filed the instant action against Inashco, alleging it violated the parties' non-disclosure agreement ("NDA") (Claim 1), misappropriated its trade secrets (Claim 2), and was unjustly enriched (Claim 3).[1]  (Doc. No. 1, ¶¶ 55-75.)  In Claim 1, BPS alleges that Inashco used BPS's confidential information in violation of the parties' NDA.  (*Id*. at ¶ 59.)  Similarly, in Claim 2, BPS alleges that Inashco used BPS's trade secrets without BPS's authorization.  (*Id*. at ¶

---

[1] On October 28, 2021, the Court granted Inashco's Motion to Dismiss Claim 3.  (Doc. No. 13.)

67.)  To prove these claims, BPS must show, in part, that the information at issue was confidential and a trade secret.

On December 3, 2021, the Court held a Case Management Conference and set case deadlines. (Doc. Nos. 21, 22.)  The Court extended the case deadlines four times at the parties' request.  (Doc. Nos. 44, 58, 72, 80.)  Ultimately, the deadline for fact discovery was February 10, 2023, and the deadline for expert discovery was July 14, 2023.  (Non-Document Orders dated December 16, 2022, and June 2, 2023.)

In July 2022, Inashco retained Jerome P. Downey, Ph.D., P.E. ("Downey") as an expert in the "design, development, and operation of material processing equipment."  (Doc. No. 88-2, PageID# 1740; Doc. No. 95, PageID# 3339.)  On May 5, 2023, Downey prepared a 117-page expert report. (Doc. No. 88-2.)

On July 12, 2023, BPS deposed Downey.  (Doc. No. 88-3.)  Downey testified that Inashco's attorneys assisted him with drafting his report.  (*Id*. at PageID# 1890.)  He estimated that seventy-five percent of the report was in his own words, and he stated that "any technical aspect came directly from him."  (*Id*. at PageID# 1890-91.)

On August 25, 2023, BPS filed the instant Motion to Strike and Exclude Downey's Expert Report and Testimony.  (Doc. No. 88.)  BPS argues that the Court should strike Downey's expert report and testimony for two reasons.  First, Downey opines about ultimate legal conclusions—specifically what information is confidential and a trade secret. (Doc. No. 88-1, PageID# 1712.)  And second, Downey did not personally draft the entirety of his expert report.  (*Id*. at PageID# 1717-18.)

On September 8, 2023, Inashco filed an Opposition.  (Doc. No. 95.)  Inashco counters that BPS mischaracterizes the substance of Downey's expert report.  (*Id*. at PageID# 3342.)  And it further

2

contends that the law permits counsel to assist an expert with drafting his or her report. (*Id*. at PageID# 3345.)

The Court will address each of BPS's two arguments, in turn, below.

II. **Legal Conclusions and Federal Rule of Evidence Rule 704**

BPS first argues that Downey renders "impermissible legal conclusions" that (1) BPS failed to meet the legal requirements for trade secrets or confidentiality protection; (2) Inashco did not misappropriate BPS's trade secrets; and (3) Inashco did not violate the NDA. (Doc. No. 88-1, PageID# 1713.) Inashco counters that courts "routinely allow" experts to testify as to "whether the information was generally known or readily ascertainable, and . . . whether the information is entitled to trade secret protection." (Doc. No. 95, PageID# 3343.)

Federal Rule of Evidence 704 does not prohibit an expert's opinion from "embrace[ing] an ultimate issue." Fed. R. Evid. 704(a). But "the issue [the expert] embrace[s] must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). The Sixth Circuit has explained:

> There is a subtle, but nonetheless important distinction between opining on the ultimate question of liability (impermissible), and stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue (permissible). In other words, although we would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). Thus, we have generally excluded expert testimony for stating a legal conclusion only when the witness explicitly testifies, in specialized legal terminology, that a defendant violated (or did not violate) the law.

*Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 317 (6th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Considering this explanation, the Court finds the analysis and conclusion in *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2019 U.S. Dist. LEXIS 54188 (W.D. Ky. Mar. 29, 2019),

3

persuasive. In that case, the plaintiff sought to exclude the report and testimony of two of the defendant's experts. *Id*. at *8. The court held that "an expert opining that an item is or is not a 'trade secret' is impermissible, as it states a legal conclusion." *Id*. (*citing CDA of Am. Inc. v. Midland Life Ins. Co.*, 2006 U.S. Dist. LEXIS 97327 at *13 (S.D. Ohio Mar. 27, 2006)). But an expert can opine as to the "facts and analysis which lead the jury toward that conclusion." *Id*. at *10. The court decided that an expert "should not directly address the statutory terms of art, as doing so provides a legal opinion." *Id*. at *10-11. Rather, an expert should focus on his "facts and analysis" and reference the relevant statute only "when necessary and only as used by laypersons." *Id*. at *11.

To use the Sixth Circuit's analogy, Downey testifying that certain information is not a trade secret (or confidential under the NDA) and that Inashco did not misappropriate that trade secret (or violate the NDA) is like a fingerprint expert opining that a defendant is guilty. But Downey testifying that, for example, "[d]ischarging material via two separate material streams is well known in the industry" is akin to the expert testifying that the defendant's fingerprint was the only one on the murder weapon. (Doc. No. 88-2, PageID# 1790.)

In other words, Downey may opine as to the factors underlying whether certain information constitutes a trade secret, but he may not opine as to whether that information is, in fact, a trade secret. *See Valvetech, Inc. v. Aerojet Rocketdyne, Inc.*, 2023 U.S. Dist. LEXIS 88159 at *12 (W.D.N.Y. May 19, 2023) (holding that an expert may opine about "[t]he factors underlying the ultimate legal determinations of whether information is a trade secret" and collecting cases that say the same); *see also Highmark Dig., Inc. v. Casablanca Design Ctrs., Inc.*, 2020 U.S. Dist. LEXIS 80302 at *23 (C.D. Cal. Mar. 26, 2020) (excluding expert from presenting legal conclusion that the plaintiff's

source code constitutes a trade secret but permitting expert to "testify to the factors underlying whether technology constitutes a trade secret").

This conclusion comports with the Sixth Circuit's case law regarding experts and legal conclusions more generally. For example, in *Torres v. Cty. of Oakland*, 758 F.2d 147 (6th Cir. 1985), the court held that an expert could not answer whether "[the plaintiff] had been discriminated against because of her national origin" because the question "track[ed] almost verbatim the language of the applicable statute." *Id*. at 151. Yet the court posed that the expert could have answered whether "she believed that [the plaintiff's] national origin 'motivated' the hiring decision." *Id*.

Accordingly, the Court grants BPS's Motion to Strike and Exclude to the extent that the Court will not consider those portions of Downey's report and deposition testimony that state legal conclusions—consistent with the above analysis—when ruling on Inashco's Motion for Summary Judgment.[2] (Doc. Nos. 92, 93.)

III. **Expert Report and Federal Rule of Civil Procedure 26**

BPS also argues that because Downey did not draft the entirety of his report and substantial portions of it match Inashco's interrogatory responses, the report does not comply with Federal Rule of Civil Procedure 26. (Doc. No. 88-1, PageID# 1716-23.) Inashco responds that the law permits counsel to assist an expert with drafting his report, and it is proper to incorporate discovery responses into an expert report. (Doc. No. 95, PageID# 3344-45.)

---

[2] Other than entirely striking Downey's expert report—which the Court declines to do, as explained in the next section—this is the relief that BPS requests in its Motion. (Doc. No. 88-1, PageID# 1723.) The Court agrees with Inashco that deciding what evidence Downey may introduce at trial "should . . . be left for the motion in limine stage." (Doc. No. 95, PageID# 3337.)

5

Federal Rule of Civil Procedure 26 provides, in relevant part, that expert witness disclosures "must be accompanied by a written report—*prepared and signed by the witness*." Fed. R. Civ. P. 26(a)(2)(b) (emphasis added). Counsel may not prepare the report for the witness. *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 2014 U.S. Dist. LEXIS 59689 at *19 (E.D. Ky. Apr. 30, 2014) (citing Fed. R. Civ. P. 26 Advisory Committee's Note). But Rule 26 does not prohibit counsel from assisting the witness. *Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 942 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 26 Advisory Committee's Note). Such assistance is generally limited to ensuring the expert's report satisfies Rule 26's requirements. *James T. Scatuorchio Racing Stable, LLC*, 2014 U.S. Dist. LEXIS 59689 at *19 (citing Fed. R. Civ. P. 26 Advisory Committee's Note). So counsel may assist with "the fine-tuning of an expert report in order to ensure compliance with [Rule 26(a)(2)(B)]," but counsel may not "prepar[e] the expert's opinion from whole cloth and then ask[] the expert to sign it if he or she wishes to adopt it." *Numantics, Inc.*, 66 F. Supp. 3d at 942-943 (quoting *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 578 (W.D. Tenn. 2009)). "The key question is 'whether counsel's participation so exceeds the bounds of legitimate assistance as to negate the possibility that the expert actually prepared his own report.'" *Id.* (quoting *Bekaert Corp.*, 256 F.R.D. at 578.)

For the following reasons, the Court concludes that Downey's expert report should not be entirely stricken.

First, Downey's deposition testimony falls short of showing that Inashco's counsel prepared Downey's report from "whole cloth" or otherwise exceeded the bounds of legitimate assistance. When asked how much of the report is in his own words, Downey answered that "[a] considerable percentage of it is. . . . Certainly, any technical aspect came directly from me." (Doc. No. 88-3,

PageID# 1890-91.) When pressed, he estimated that "seventy-five" percent of the report is in his own words. (*Id*. at PageID# 1891.) The portions he did not write are "the legal standards" and the "the italicized trade secret portions of the report." (*Id*.) As to the italicized trade secret portions, Downey testified that Inashco's counsel "took [his] opinions almost verbatim and put them in there." (*Id*.) Later in his deposition, Downey clarified that

> So when I signed [the report], it means that I've read and reviewed everything that's in the report to make sure it's factual and consistent with the opinions that I've rendered, and that's what I found. I mean, there's certain legal terminology that I'm not comfortable with, and I think that's primarily where [Inashco's counsel] helped out.

(*Id*. at PageID# 1909.)

There is no evidence to suggest that the report does not "reflect[] the actual views of [Downey.]" *United States v. Kalymon*, 541 F.3d 624, 638 (6th Cir. 2008). Inashco's counsel's assistance at most amounted to twenty-five percent of the report, which means Downey personally drafted a "significant portion of the report as a whole." *Iannone v. Autozone, Inc.*, 344 F.R.D. 319 (W.D. Tenn. 2023) (denying motion to strike where expert provided the first draft of a "significant" portion of her report); *c.f. James T. Scatuorchio Racing Stable, LLC*, 2014 U.S. Dist. LEXIS 59689 at *19 (granting motion to strike where the defendant prepared "90%" of the expert's draft report). Portions that Downey did not draft were the "legal principles and standards such as the NDA that's at issue in this case and the Ohio and Maryland trade secret statutes." (Doc. No. 88-3, PageID# 1892.) But Downey testified that he "read and considered those statutes before [he] signed the report," even if he did not "physically go and look and verify what the Maryland and Ohio trade secret statutes said." (*Id*.) Moreover, the Court has already decided that it will not consider the "legal principles and standards" and other legal conclusions in Downey's report—in other words, the portions Downey

admitted he did not write—when ruling on Inashco's Motion for Summary Judgment. In sum, Downey's expert report was the result of "an interactive process," which is "acceptable under Federal Rule of Civil Procedure 26." *McDonald v. City of Memphis*, 2016 U.S. Dist. LEXIS 193726 at *35 (W.D. Tenn. Aug. 26, 2016).

Second, BPS's contention that the Court should strike Downey's report since significant portions match Inashco's discovery responses is similarly unpersuasive. Downey testified that "his responses or [his] evaluation of the interrogatories are in" his report.[3] (Doc. No. 88-3, PageID# 1890-91.) And Downey disclosed that he considered "Inashco's Third Supplemental Response to BPS's Interrogatory No. 13" before drafting his expert report. (*Id*. at PageID# 1879.) It follows then that portions of Downey's expert report match Inashco's discovery responses.

In its Reply, BPS argues that this conclusion "ignores a contradiction in the chronology of events." (Doc. No. 98, PageID# 3356.) Specifically, BPS contends that Inashco prepared its "initial and first supplemental responses to BPS's interrogatories" *before* it retained Downey. (*Id*.) And those discovery responses "carried forward into the Third Supplemental Discovery Responses"—the responses that BPS argues are "directly copied" into Downey's report. (*Id*.; Doc. No. 88-1, PageID# 1722.) Therefore, BPS argues, "Downey could not have taken part in drafting any of those discovery responses." (Doc. No. 98, PageID# 3356.) But since those responses were "carried forward," then Downey necessarily reviewed those prior responses when he assisted Inashco with the third supplemental responses. Additionally, Downey testified that he "read and reviewed everything that's in the report to make sure it's factual and consistent with [his] opinions." (Doc. No. 88-3, PageID#

---

[3] BPS argues in its Reply that this testimony was insufficient disclosure that Downey assisted Inashco with its discovery responses. (Doc. No. 98, PageID# 3356.) The Court disagrees.

1909.) The fact that portions of Inashco's discovery responses appear in Downey's report is thus insufficient to show that Inashco's counsel prepared the report from "whole cloth" within the meaning of Rule 26(a)(2)(B).

IV.     **Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART BPS's Motion to Strike and Exclude Expert Report and Testimony of Downey. (Doc. No. 88.) Consistent with this Memorandum Opinion and Order, the Court will not consider those portions of Downey's report and deposition testimony that state legal conclusions when ruling on Inashco's Motion for Summary Judgment. (Doc. Nos. 92, 93.)

**IT IS SO ORDERED.**

Date: November 16, 2023

  _s/Pamela A. Barker_
  PAMELA A. BARKER
  U.S. DISTRICT JUDGE